**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CANDACE E. ALSTON                          *
                                           *
                                           *
         v.                                *         Civil No. – JFM-12-1512
                                           *
MONARCH BANK, ET AL.                       *
                                      ******

**MEMORANDUM**

Plaintiff has brought this action against Monarch Bank and two of its employees, Deborah W. Lane and Amy McCarthy, under the Federal Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Maryland Consumer Debt Collection Act, and the Maryland Consumer Protection Act.  Monarch Bank has filed an answer. Defendants Lane and McCarthy have filed a motion to dismiss for lack of personal jurisdiction.

The issue has been fully briefed.  In her opposition plaintiff requests that in the event that I am inclined to grant the motion, I transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. §1406(a).  In accordance with plaintiff's request, I will transfer the action. However, I will base the transfer upon 42 U.S.C. §1404(a), rather than 28 U.S.C. §1406(a).[1]

It may be, as defendants contend that they are not subject to personal jurisdiction in Maryland under the Maryland Long-Arm statute.  However, although plaintiff is not so contending, it is not entirely clear to me that the Maryland Long-Arm statute applies to the several claims asserted by plaintiff.  Moreover, although in this case joinder of the individual defendants may be unnecessary in light of the fact that their actions are attributable to Monarch Bank, which has not raised a jurisdictional issue, I am not sure of the consequences that might

---

[1] I note that plaintiff is proceeding *pro se*.  However, it appears that plaintiff may be a member of the Bar or at least receiving advice from a member of the Bar because her papers are very professionally drafted.

1

flow from a holding here that Maryland lacks personal jurisdiction over the individual defendants in light of the federal source of several of plaintiff's claims.

There is no question that the individual defendants are subject to personal jurisdiction in the District of Virginia (Norfolk Division) where they work and reside.  Therefore, to avoid an unnecessary jurisdictional ruling that would inject uncertainty into this case, I am transferring the action to the Eastern District of Virginia, Norfolk Division, under 28 U.S.C. §1404(a) "for the convenience of parties and witnesses" and "in the interest of justice."  *See Joseph M. Coleman, Assoc. Ltd. v. Coleman Metals*, 887 F. Supp. 116 (D. Md. 1995); *Harry and Jeanette Weinberg Foundation, Inc. v. ANB Investment Management & Trust Co.*, 966 F. Supp. 389 (D. Md. 1997).

A separate order of transfer is being entered herewith.


Date:   July 16, 2012                    ____/s/_____
                                         J. Frederick Motz
                                         United States District Judge